JOSEPH RIOTTO AND CATHERINE FANELLI, PLAINTIFFS, v. EUGENE VAN HOUTEN, DEFENDANT.

Superior Court of New Jersey
Law Division Bergen County
Landlord/Tenancy

Decided August 25, 1988.

*William N. Dimin* for plaintiffs (*Spector & Dimin*, attorneys).

*Michael P. O'Rourke* for defendant (*Hartmann, Brooks & Van Dam*, attorneys).

EICHEN, J.S.C.

This opinion addresses the notice requirements under *N.J.S.A.* 2A:18:61.8 when a landlord seeks to summarily dispossess a tenant from a rental unit in a building undergoing conversion to condominium ownership pursuant to *N.J.S.A.* 2A:18–61.1k. More specifically, the opinion discusses the nature of the landlord's obligation to notify a tenant of his rights in conversion, the appropriate manner of service of the notice of intent to convert and the full plan of conversion which contains a statement of those rights. At the conclusion of the trial, the court dismissed the action on defendant's motion on the grounds that the landlord failed to comply with the notice requirements of *N.J.S.A.* 2A:18–61.8 and, therefore, the court was without jurisdiction to enter a judgment of possession in favor of plaintiff.

The relevant facts can be simply stated. Plaintiffs, Joseph Riotto and Catherine Fanelli (hereinafter collectively "plaintiff") are owners of a building consisting of 24 residential units, located at 135B Fort Lee Road, Teaneck, New Jersey. In 1981, the building was converted to a condominium form of ownership. Defendant, Eugene Van Houten (hereinafter "defendant") is a resident occupying one of the apartments in the building.

In 1981, Joseph Riotto, one of the plaintiffs, in furtherance of his attorneys' advice, personally went to each of the tenants in the building to offer copies of the notice of intent to convert the

building and the full plan of conversion. Copies of the documents were given to those tenants interested in purchasing their units; however, Riotto did not provide copies to those tenants who were not so interested. With specific reference to defendant, Riotto testified he brought the conversion materials to give to defendant; however, he took them back after defendant indicated his disinterest in purchasing his unit. At that time he told defendant he did not have to purchase the unit but could remain as a tenant as long as he paid his rent. Although Riotto could not identify the specific documents offered to defendant, for purposes of this motion, the court assumed that the conversion materials initially presented to defendant consisted of all legally required conversion documents. Moreover, although defendant disputed that this conversion ever took place and denied being offered the conversion documents, also for purposes of this motion, the court assumed the meeting occurred as described by Riotto.

In 1984, the landlord served a notice to quit and demand for possession on defendant which referred to the notice of intent to convert and the plan of conversion for details of the conversion. Thereafter this summary dispossess action was commenced.

*N.J.S.A.* 2A:18-61.8 provides in relevant part as follows:

Any owner who intends to convert a multiple dwelling ... into a condominium or cooperative, ... shall give the tenants sixty days notice of his intention to convert and the full plan of the conversion prior to serving notice [pursuant to *N.J.S.A.* 2A:18-61.2].... *In the notice of intention to convert tenants shall be notified of their right to purchase ownership in the premises at a specified price in accordance with this section and their other rights as tenants under this act in relation to the conversion of a building ... to a condominium, ... ownership....* [Emphasis supplied]

■ Plaintiff argues that *N.J.S.A.* 2A:18-61.8 does not require that the conversion documents be left with the tenant: all that is required is that the landlord offer the documents to the tenant. If the tenant refuses to accept them, the landlord's obligation is complete. This court does not agree.

The quoted statutory section uses the mandatory word "shall" both in the context of the owner's obligations to give the tenant 60 days' notice of his intention to convert and to provide notification to the tenant of his right to purchase ownership in the premises together with his other rights as a tenant under the act. Pursuant to *N.J.S.A.* 2A:18–61.12, the Department of Community Affairs is authorized to adopt rules and regulations governing the conversion of rental units to condominiums and cooperatives. *See N.J.A.C.* 5:24–1.1 *et seq.* In furtherance thereof, the Department of Community Affairs promulgated regulations to implement the intent and purpose of § 61.8. Thus, *N.J.A.C.* 5:24–1.3c requires the owner of a building under conversion to send to the tenant a notice of his intent to convert and the full plan of conversion by certified mail, and, if not claimed by the tenant, then by regular mail. *N.J.A.C.* 5:24–1.4 requires the notice of intent to convert to consist of three items: 1) notice to the tenant of his right to purchase ownership in the premises at a specified price; 2) notice to the tenant of his exclusive right to purchase during the first 90 days following such notice; and 3) a copy of the regulations contained in *N.J.A.C.* 5:24–1 *et seq. N.J.A.C.* 5:24–1.11 provides in relevant part that "the tenant's receipt of a copy of these regulations ... [will] be interpreted as being an integral and procedurally necessary part of the full plan of conversion...."

In the instant case, it is undisputed that plaintiff never sent defendant by certified mail or regular mail any of the conversion documents required under the statute and regulations. Moreover, defendant was never "notified" of his rights as a tenant, as distinguished from his rights as a prospective purchaser of his apartment. The act expressly requires a tenant to be "notified" of his rights as a tenant in the notice of intent to convert. To assure that such information is actually transmitted by the owner to a tenant, the regulations set forth what appears to be the required method of giving such notice.

As noted above, among the conversion material to be given to a tenant is a copy of the regulations themselves. These regulations set forth the rights of a tenant in a conversion situation, including the tenant's right to request comparable housing, and the landlord's obligation to provide such housing upon request, *N.J.A.C.* 5:24–1.6, as well as the availability of hardship stays under certain circumstances, *N.J.A.C.* 5:24–1.7, among other rights.

Plaintiff's form of notice to quit and demand for possession did not provide any notification concerning these rights to defendant; it merely referred defendant back to the conversion materials which, in fact, were never "given" to him. *N.J.S.A.* 2A:18–61.11a authorizes a tenant to request comparable housing within 18 months after a notice to quit and demand for possession is served on him or lose this right. *See Fairken Assoc. v. Hutchin,* 223 *N.J.Super.* 274 (Law Div.1987). Because neither the act nor the regulations promulgated thereunder expressly require an owner to notify a tenant of this important right as part of the notice to quit and demand for possession, the tenant must, therefore, rely on the "notifications" he is given as part of the initial notice of intent to convert. In this case defendant was not "given" the conversion documents or notified of his rights as a tenant in the manner required by the regulations. On the contrary, defendant was erroneously advised by plaintiff that his status as a tenant was secure despite the conversion so long as he paid the rent.

This court concludes that service of the notice of intent to convert and full plan of conversion by certified mail, and if unclaimed, then by regular mail, is a predicate to an effective three-year notice to quit and demand for possession under the circumstances of this case. As was recognized in *Fairken, supra:*

> The policy that must control this determination is the spirit of the legislature, *N.J.S.A.* 2A:18–61.1, *et seq.*.... The Act is in derogation of the common law rights of a landlord to evict a tenant upon the termination of the rental term. Therefore, it has been said to require a "strict interpretation." However, any

interpretation must remain consistent with the purposes of the legislation. The purposes of the act establishing certain limited grounds for evicting tenants and lessees of certain residential properties was based on a finding by the legislature of the extreme shortage of rental housing throughout the state and the need to protect certain tenants from the difficulties attendant to an uncontrolled right to eviction. [223 *N.J.Super.* at 282]

"The purpose of the Act is to limit eviction of tenants to reasonable grounds *and upon suitable notice." 534 Hawthorne Ave. Corp. v. Barnes,* 204 *N.J.Super.* 144, 148 (App.Div. 1985). Defendant here clearly was not given "suitable notice": he was not fully apprised of his right to purchase, nor was he notified of his rights as a tenant if he chose not to purchase. Failure to provide proper notice constitutes a jurisdictional defect. Accordingly, defendant's motion to dismiss the complaint on jurisdictional grounds is granted.