235 N.J. Super. 177 (1989)
561 A.2d 1168
JOSEPH RIOTTO AND CATHERINE FANELLI, PLAINTIFFS-APPELLANTS,
v.
EUGENE VAN HOUTEN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted April 18, 1989.
Decided April 28, 1989.
*178 Before Judges DREIER and BROCHIN.
Spector & Dimin, attorneys for appellants (William N. Dimin, on the brief).
Hartmann, Brooks & Van Dam, attorneys for respondent (Michael P. O'Rourke, on the brief).
PER CURIAM.
Plaintiffs appeal from a decision by Judge Eichen in the Special Civil Part dismissing plaintiff's complaint for summary dispossession. In 1981 plaintiffs were in the process of converting their apartment house to condominium ownership. Plaintiffs contend that at that time they gave defendant notice of their intention to convert the building. As defendant had not exercised his conversion rights, plaintiffs, after waiting three years, in 1984 gave him a notice to quit under N.J.S.A. 2A:18-61.1k and 61.2g. They then realized that the required three year waiting period must follow the notice to quit (see N.J.S.A. 2A:18-61.2g), and waited an additional three years before instituting this action. Defendant, a tenant of the premises since 1976, successfully claimed that plaintiffs nevertheless failed to comply with the prerequisite of giving him a copy of the condominium conversion plan. N.J.S.A. 2A:18-61.8.
At the time one of the plaintiffs met with defendant they apparently had only a brief conversation in which defendant was told that he could buy the unit at 15% below the market price, and if he did not wish to buy, he could remain in the apartment as a tenant. After thinking it over briefly, defendant decided he would remain as a tenant. Plaintiff then picked up the papers he had brought with him and left. The testimony of plaintiff Joseph Riotto supports these simple facts:
I offered him the 15 percent discount for an insider. He wasn't interested. He said, `What would happen if I don't buy?' I said, `As far as I understand, you just remain as a tenant.' He said, `Well, that's all I want. I want to stay here as a tenant.' I just picked up my material and walked out.
At no time was defendant given the condominium conversion documents required by N.J.S.A. 2A:18-61.8, and in fact plaintiff *179 was not even sure which documents he had brought with him at the time. We therefore agree with Judge Eichen that the strict requirements of N.J.S.A. 2A:18-61.8 were not complied with insofar as the statute requires that the owner "shall give the tenants 60 days' notice of his intention to convert and the full plan of the conversion ...." (Emphasis added).
As egregious as the failure to give the conversion plan was Mr. Riotto's statement to the tenant that if he did not exercise his option, he could remain in his apartment as tenant, the implication being that there would be no change in his rights. Since this was an incorrect statement by the landlord, plaintiffs should also be estopped from interfering with defendant's rights unless they now comply with all applicable statutes.
The dismissal of plaintiff's complaint is affirmed substantially for the reasons set forth in Judge Eichen's August 25, 1988 opinion.