Lend Lease's motion for expenses and fees is denied.

<hr>

582 A.2d 850

MARKET DUNDEE CORP., PLAINTIFF, v. CESAR JARAMILLO, MARIO SANCHEZ, VITERBA DELGADO, BIENVENIDA LUNA, GILBERT OTERO, DEFENDANTS.

Superior Court of New Jersey
Law Division Hudson County

Decided February 7, 1990.

386

*Theodore R. Cohn* for plaintiff.

*Jorge Aviles* for defendants.

HORNSTEIN, J.S.C.

These are five cases consolidated for trial because they involve the same issues of fact and law.

The complaints were filed November 9, 1989 in which plaintiff-landlord seeks to evict each of the defendant-tenants pursuant to *N.J.S.A.* 2A:18–61.1 k.

Hearing on the merits was held December 7, 1989.

There is no dispute as to the facts.

Plaintiff-corporation is the owner of a multi-family apartment building located at 110 33rd Street, Union City.

The property was converted to condominium status by plaintiff on or about June 13, 1986.

Plaintiff is the "developer" or "converter" of the property and the current landlord as to each of the defendants.

Each of the defendants is a month-to-month tenant in the building in what was formerly called an apartment but what is now referred to as a "condominium unit."

There are nine dwelling units in the building.

Plaintiff had served on each of the defendant-tenants the following: notice of intent to convert; master deed; copy of corporate by-laws; description of percentage of ownership in common areas; offering price and notice to tenants to apply for protected tenancy status.

There is no dispute as to the legal sufficiency or proper service of each of these documents.

A "full plan of conversion" was not served on the tenants nor was a duplicate of a full plan of conversion filed with the City Clerk of Union City.

Plaintiff claims it is exempt from the filing of the full plan of conversion because it received a "notice of exemption" from the Department of Community Affairs (P1 in evidence). This letter reads as follows:

Theodore R. Cohn, Esq.

72 S. Livingston Avenue

Livingston, NJ 07039

Re: Notice of Exemption

110 33rd Street, Union City, NJ

Dear Mr. Cohn:

Under the Planned Real Estate Development Act, (N.J.S.A. 45:22a–21 et seq.) this Agency is authorized to exempt certain developments from it provisions. Based, in part, on the information contained in your request dated November 14, 1985 and due to the limited nature of the offering, the Agency finds that enforcement of the Act is not necessary in the public interest. Your request for an exemption is hereby granted.

Be advised, however, that you are required to comply with the requirements of N.J.S.A. 2A:18–61.1 et seq. and the regulations promulgated thereunder.

Should you have any questions, please contact Louis E. Schindel at (609) 292–7590.

Very truly yours,

s/Stewart P. Palilonis

Stewart P. Palilonis, Supervisor

Planned Real Estate Development

In addition to the items mentioned previously, each of the defendants was served on September 4, 1986 with a notice of termination of tenancy. The notices dated September 2, 1986 are the same except for the name and apartment number. Proper service of the notices is acknowledged by the defendants.

The entire notice is set forth below.

TO _____

Apt. # _____

Pursuant to the terms of the condominium conversion of the building at 110 33rd Street, Union City, the owner hereby gives notice that your month-to-month tenancy of Apartment # _____ is hereby terminated. You are directed to quit and vacate your apartment in accordance with the provisions of NJSA

2A:18–61.1 et seq. and the regulations promulgated by the Department of Community Affairs of New Jersey on or before September 6, 1989.

In the event you fail to pay your monthly rent at any time prior to that date or breach any of the terms of your tenancy the owner may proceed with eviction as provided by law.

Should you wish to purchase your unit prior to September 30, 1986 please contact the owner.

September 2, 1986

 MARKET DUNDEE CORP.

 by: s/ Linda Cohn
 Vice President

Served by \_\_\_
September , 1986

Plaintiff now seeks to evict each of the defendant-tenants pursuant to the provisions of paragraph k of *N.J.S.A.* 2A:18–61.1:

> The landlord or owner of the building or mobile home park is converting from the rental market to a condominium, cooperative or fee simple ownership of two or more dwelling units or park sites, except as hereinafter provided in subsection *1*. Where the tenant is being removed pursuant to this subsection, no warrant for possession shall be issued until this act has been complied with....

## AS TO PLAINTIFF'S CLAIM—IT IS EXEMPT FROM THE FILING OF A FULL PLAN OF CONVERSION

The second sentence of *N.J.S.A.* 2A:18–61.1k as quoted above clearly states "where the tenant is being removed pursuant to this subsection, no warrant for possession shall be issued until this act has been complied with...."

*N.J.S.A.* 2A:18–61.8 reads in pertinent part as follows:

> Any owner who intends to convert a multiple dwelling as defined in P.L.1967, C. 76 (C.55:13A–1 et seq.), ... into a condominium or cooperative, or to fee simple ownership of the several dwelling units or park sites shall give the tenants 60 days' notice of his intention to convert and the full plan of the conversion prior to serving notice, provided for in section 3 of P.L.1974, C. 49 (C. 2A:18–61.2). A duplicate of the first such 60-day notice and full plan shall be transmitted to the clerk of the municipality at the same time....

*N.J.S.A.* 2A:18–61.12 requires the Department of Community Affairs to adopt rules and regulations setting forth procedures required to be followed by landlords seeking to convert a building from the rental market to a condominium status. The

regulations are contained in Chapter 24 of Title 5 of the *New Jersey Administrative Code*, Subchapter 1.

*N.J.A.C.* 5:24–1.5 specifies what is required to be contained in the "full plan of conversion." Fourteen items are listed.

■ There is no dispute plaintiff did not file a full plan of conversion as required in the statute and in the Administrative Code.

The Planned Real Estate Full Disclosure Act (*N.J.S.A.* 45:22A–21 *et seq.*) requires developers of real estate to register with the Department of Community Affairs. The requirements of registration are applicable to developers of condominiums.

*N.J.S.A.* 45:22A–25 permits the Department of Community Affairs to exempt certain owners or developers from the provisions of the registration requirements.

The condominium conversion statute set forth in *N.J.S.A.* 2A:18–61.7 *et seq.* does not contain any provision whereby any of the requirements for condominium conversion may be waived or exempted by the Department of Community Affairs or any other state agency or by a statutory provision itself.

The exemption obtained by plaintiff was applicable only to Title 45 requirements—The Planned Real Estate Development Full Disclosure Act. This is plainly stated in the second paragraph of the letter to plaintiff's attorney dated December 14, 1985 from the Department of Community Affairs, which letter is quoted above.

Also, the rules promulgated under that Act so state:

*Non–Repeal*—Nothing contained herein shall diminish the obligation of the developer to conform to the requirements of the New Jersey Statute Governing Removal of Tenants (N.J.S.A. 2A:18–61 et seq.) and any rules promulgated thereunder.

*N.J.A.C.* 5:26–9.2

■ There must be full and complete compliance with the conversion statute and the regulations promulgated thereunder.

This is the requirement of *N.J.S.A.* 2A:18–61.1 k. The statutory requirement may not be waived nor is partial compliance

satisfactory. *Riotto v. Van Houten*, 235 *N.J.Super.* 162, 561 *A.*2d 691 (Law Div.1989), affirmed 235 *N.J.Super.* 177, 561 *A.*2d 1168 (App.Div.1989).

## THE NOTICE TO QUIT

■ The notice of termination or notice to quit (the terms are synonymous) is legally defective. Four requirements are mandatory for proper notice to quit as stated in *Harry's Village, Inc. v. Egg Harbor Tp.*, 89 *N.J.* 576, 446 *A.*2d 862 (1982) at page 585, 446 *A.*2d 862:

> In addition to stating the reason for termination, a notice to quit should inform the tenant that the parties are landlord and tenant, the premises are to be vacated on a certain date, and the right to possession terminates on that date.

And further at pages 586 and 587, 446 *A.*2d 862:

> The traditional common law rule has been that a notice to quit must terminate the tenancy precisely on the anniversary date.
>
> \* \* \* \* \* \* \* \*
>
> ... We conclude that, where a landlord has substantially complied with the requirements of a notice to quit and inadvertently failed to give notice on the precise anniversary date, a notice to quit may be effective on the next anniversary date after receipt of the notice. Although the next ensuing anniversary date is more than one rental period later, that result is both fair and reasonable.

The notices in the cases *sub judice* declare: "... your month-to-month tenancy of apartment # _____ is hereby terminated."

This is a mis-statement of the law. The tenancy is to be terminated on a specified date some time 3 years after the date of the notice. And the date of the termination must coincide with the anniversary date of the tenancy. For example, if a monthly tenancy and the rent is due on the first of the month, the notice to quit must state: "Your tenancy is terminated as of June 1, 1990."

In addition, it must be demanded in the notice of termination that the tenant quit and surrender (vacate) the rented premises no later than the date specified for termination.

The notices of plaintiff state the tenants are to vacate their apartments "on or before September 6, 1989." That date would be confusing to the tenants in that the notice of termination says the tenancy is immediately terminated but the tenants can stay in the apartments for another three years.

Furthermore, September 6 would not be an anniversary date of a month-to-month tenancy where rent is paid on the first of the month (and it is presumed that the rent from each of these defendants is due and payable on the first of each and every month.)

Further confusion is added by a letter to the defendant-tenants dated May 19, 1989 from T.R.C. Management Co., P.O. Box 196, Livingston, NJ 07039 and addressed: "TENANTS— 110 33rd Street, Union City" and states in part:

This is to remind you that your tenancy will terminate on September 6, 1989.

Who is T.R.C. Management Co.? Is it the manager for the collection of rents of the building? In any event, the letter was introduced into evidence on behalf of plaintiff. This letter is contradictory to the notice of termination. It says the tenancy is not terminated until September 6, 1989. If this were so and since the termination is not an anniversary date of the tenancy, the tenancy would not terminate until October 1, 1989.

But it is the notice of termination dated September 2, 1986 which governs. This is the vehicle by which plaintiff seeks to evict the defendant-tenants.

■ A notice to quit which contains a statement contrary to law and which does not give a specific date of termination is defective as a matter of law. The notice of termination being legally insufficient and the failure of plaintiff to fully comply with *N.J.S.A.* 2A:18–61.1 k and *N.J.S.A.* 2A:18–61.8 renders the court without jurisdiction to proceed.

All complaints are dismissed.