246 N.J. Super. 34 (1990)
586 A.2d 856
EMILIO AMATO, PLAINTIFF,
v.
VINCENZO PELLIGRINI AND DORA PELLIGRINI, DEFENDANTS.
Superior Court of New Jersey, Law Division Hudson County.
Decided March 13, 1990.
*35 Spector & Dimin, P.A. By: Carl J. Mellone and William Dimin for plaintiff.
Maureen Schweitzer Parrott, Attorney-At-Law for defendants.
*36 HORNSTEIN, J.S.C.
This is a complaint for dispossession of tenants pursuant to N.J.S.A. 2A-18-61.1k  conversion of a residential apartment to a condominium unit.
The complaint was filed September 13, 1989, served September 20, 1989 and scheduled for hearing October 4, 1989.
There were unavoidable delays and hearings on the merits were held November 29, 1989 and January 10, 1990.
Following the testimony of all the witnesses and the submission of various documents into evidence, both sides rested. Defendant moved for a dismissal of the complaint that there has not been full compliance with the condominium conversion statutes.
Based upon testimony of the witnesses and the documentary evidence submitted, the following findings of credible, relevant facts are made:
Plaintiff is the owner of a multi-family apartment building located at 619-621 Willow Avenue, Hoboken.
Defendant is a tenant in apartment 3R in 621 Willow Avenue. The building was converted to condominium status July 23, 1986 by the filing of a master deed.
Defendant was personally served by plaintiff on May 28, 1986 with a notice of intent to convert, the public offering statement and Chapter 24, Title 5  New Jersey Administrative Code.
Protected tenancy notices (applications) were served on the Hoboken rent leveling officer. The date of service is unknown and there was no testimony as to when service was made. The official Hoboken file of the condominium conversion of this building (621 Willow Avenue) does not contain a copy of the notice of intent to convert nor a copy of the full plan of conversion.
N.J.S.A. 2A:18-61.1 reads in part:

*37 No lessee or tenant or the assigns, ... may be removed by ... the Superior Court from any house, building, ... except upon establishment of one of the following grounds as good cause:
k. The landlord or owner of the building or mobile home park is converting from the rental market to a condominium, cooperative or fee simple ownership of two or more dwelling units or park sites, except as hereinafter provided in subsection 1. Where the tenant is being removed pursuant to this subsection, no warrant for possession shall be issued until this act has been complied with.
N.J.S.A. 2A:18-61.2 reads in part:
No judgment of possession shall be entered for any premises covered by section 2 of this act, [N.J.S.A. 2:28-61.1], except in the nonpayment of rent under paragraph a. or f. of section 2, unless the landlord has made written demand and given written notice for delivery of possession of the premises. The following shall be required;
* * * * * * * *
g. For an action alleging any grounds under paragraph k. of section 2, three years' notice prior to the institution of action, and provided that, where there is written lease in effect, no action shall be instituted until the lease expires.
N.J.S.A. 2A:18-61.8 sets forth what is to be included in the notice of intent. And the statute directs that copies of the notice and of the full plan of conversion be filed with the clerk of the municipality simultaneously with service of those documents on the tenant.
Any owner who intends to convert a multiple dwelling as defined in P.L. 1967, C. 76 (C.55:13A-1 et seq.), other than a hotel or motel, or a mobile home park into a condominium or cooperative, or to fee simple ownership of the several dwelling units or park sites shall give the tenants 60 days' notice of his intention to convert and the full plan of the conversion prior to serving notice, provided for in section 3 of P.L. 1974, c. 49 (C. 2A:18-61.2). A duplicate of the first such 60-day notice and full plan shall be transmitted to the clerk of the municipality at the same time. In the notice of intention to convert tenants shall be notified of their right to purchase ownership in the premises at a specified price in accordance with this section, and their rights as tenants under this act in relation to the conversion of a building or park to a condominium, cooperative or fee simple ownership. A tenant in occupancy at the time of the notice of intention to convert shall have the exclusive right to purchase his unit, the shares of stock allocated thereto or the park site, as the case may be, for the first 90 days after such notice that such purchase could be made during which time the unit or site shall not be shown to a third party unless the tenant has in writing waived the right to purchase.
Again, the New Jersey Administrative Code 5:24-1.4 also details the requirements of the notice of intent to convert:

*38 (a) The notice of intent to convert shall consist of three items as follows.
1. Notice to the tenants of their right to purchase ownership in the premises at a specified price in accordance with section 5 of the act;
2. Notice that the tenant in occupancy at this time shall have an exclusive right to purchase the unit or park sites or shares of stock allocated thereto for the first 90 days after such notice, and that during this 90-day period the unit or site cannot be shown to a third party unless the tenant has in writing waived the right to purchase; and
3. A copy of these regulations or any statement of tenants' rights in relation to conversion subsequently approved for this purpose by the Department of Community Affairs. These may be obtained from: Bureau of Housing Inspection, Office of Landlord-Tenant Relations, CN-810, Trenton, New Jersey 08625.
Also, there can be no misunderstanding with regard to the requirement of informing the tenants of their rights with regard to the conversion. N.J.A.C. 5:24-1.11 requires that a copy of the Administrative Code be served on the tenant as part of the notice of intent to convert and the full plan of conversion.
The notice of intent to convert in this case reads in part:
The purchase price for your unit should you wish to buy it during your exclusive ninety (90) day period is attached hereto in Exhibit marked "Purchase Price and Estimated Monthly Maintenance" to the Public Offering Statement and subject to the other terms and conditions of the sale which are set forth in the Agreement of Sale which is attached as Exhibit "I" to the Public Offering Statement.
* * * * * * * *
The New Jersey Department of Community Affairs has adopted regulations concerning the conversion of multiple dwellings (buildings containing three (3) or more units of dwelling space, other than hotels, or motels), which regulations became effective on February 9, 1978. (A copy of the regulations is attached hereto).
The three year notice to quit in full reads as follows:
 AUGUST 29, 1986
 TO: MRS. PELLEGRINI
 621 WILLOW AVENUE  APT. 3R
 HOBOKEN, N.J.
PLEASE TAKE NOTICE, that, upon the expiration of three (3) years from the date hereof, or upon the expiration of any written lease in effect, whichever is later, you are to quit and vacate the premises now occupied by you as tenant of the captioned apartment in premises located at 619-621 Willow Avenue, Hoboken, New Jersey (commonly known as "619-621 WILLOW AVENUE CONDOMINIUM") and demand is hereby made that you deliver up peaceable *39 possession thereof to your landlord on that date, as of which date your tenancy is hereby terminated.
TAKE FURTHER NOTICE that, the grounds for the foregoing demand, pursuant to N.J.S.A. 2A:18-61.1(k) are that the landlord or owner of 619-621 Willow Avenue, Hoboken, New Jersey, is converting the building from the rental market to a condominium. Please refer to the "NOTICE OF INTENT TO CONVERT" and accompanying Master Deed and Notice to Convert to Condominium Ownership and other material previously served upon you for details of said conversion.
This notice is being given to you pursuant to N.J.S.A. 2A:18-61.2(G).
 s/ EMILIO AMATO
 EMILIO AMATO, OWNER
 DATED: OCTOBER 10, 1985 SIGN:
 s/ Vincenzo Pelligrini
 VINCENZO PELLEGRINI
 s/ Dora Pellegrini
 DORA PELLEGRINI
The New Jersey Supreme Court case of Harry's Village v. Egg Harbor Tp., 89 N.J. 576, 446 A.2d 862 (1982) enunciates the requirements for a valid notice to quit, at pp. 585, 586, 446 A.2d 862.
... In addition to stating the reason for termination, a notice to quit should inform the tenant that the parties are landlord and tenant, the premises are to be vacated on a certain date, and the right to possession terminates on that date. [citation omitted.] The traditional common law rule had been that a notice to quit must terminate the tenancy precisely on the anniversary date.
And further at page 587, 446 A.2d 862.
... We conclude that, where a landlord has substantially complied with the requirements of a notice to quit and inadvertently failed to give notice on the precise anniversary date, a notice to quit may be effective on the next anniversary date after receipt of the notice. Although the next ensuing anniversary date is more than one rental period later, that result is both fair and reasonable...
The notice to quit is defective in that it does not terminate the tenancy on the anniversary date of the tenancy. Most tenancies (and presumably this is and was a month to month tenancy) are from the first of the month to the first of the following month. Following the ruling in Harry's Village, supra at page 587, 446 A.2d 862, since the notice to quit terminates the tenancy as of August 29, 1989 it must be *40 extended to the first of the month next after September-October 1, 1989.
The complaint in this case was filed September 13, 1989. The tenancy did not end until October 1, 1989. Therefore, the complaint was filed prematurely.
Copies of the notice of intent to convert and of the full plan of conversion were not filed with the Hoboken city clerk as required in N.J.S.A. 2A:18-61.8 and N.J.A.C. 5:24-1.3(d).
There is no proof that an up-to-date copy of Chapter 24, Title 5, New Jersey Administrative Code was served on the tenant.
The notice of intent to convert refers to "regulations [which] became effective on February 9, 1978. (A copy of the regulations is attached hereto)."
Neither plaintiff nor his agent or attorney was able to testify which set of regulations were served on the tenant  those of 1978 or the amended regulations of 1985. The notice did not state that the 1985 amended regulations were served with the notice to convert.
The notice of intent did not state the exact purchase price for defendants' apartment as required; it referred to the public offering statement "Exhibit `I'". The public offering statement as admitted into evidence is a "sample" of that submitted to defendants. But "Exhibit `I'" is not filled in with the exact purchase price.
There was no testimony that defendants' copy of the public offering statement was correctly completed.
Therefore, there is no proof defendants were informed of the purchase price for their apartment if they wished to purchase it. The requirement of the stating of the purchase price is mandatory. N.J.S.A. 2A:18-61.8, N.J.A.C. 5:24-1.4(a)1.
It is the requirement of N.J.S.A. 2A:18-61.8 and N.J.A.C. 5:24-1.5(B)6, that the public offering statement contain a provision that a title insurance company licensed to do business in New Jersey has attested to the validity of the condominium *41 title. There must also be a statement that the title insurance company has agreed to provide a title insurance policy for the particular unit offered to the tenant. There were no such provisions or statements in the public offering statement.
N.J.A.C. 5:24-1.5(b)9 requires an audited statement of expenses for the building for the past five years or for the period the property was owned by the owner if less than five years. This statement must be certified to by an independent public accountant.
The public offering statement as to this defendant does not contain any such statement of expenses.
N.J.A.C. 5:24-1.5(b)8 requires an engineering survey "as of the date of offering." The engineering survey included in the full plan of conversion in this case is dated December 18, 1983. The offering is dated November 26, 1984 as amended April 28, 1986. It is obvious the engineering survey is not up to date in accordance with the regulations.
N.J.S.A. 2A:18-61.1(k) mandates that "no warrant for possession shall be issued until this act has been complied with." This means there must be strict compliance with the act and not substantial compliance. Each provision of the statute and of the regulations must be adhered to. There cannot be partial conformity. Riotto v. Van Houten, 235 N.J. Super. 162, 561 A.2d 691 (Law Div. 1988), affirmed 235 N.J. Super. 177, 561 A.2d 1168 (App.Div. 1989).
The plaintiff has failed to fulfill his obligation of "full compliance."
The Anti-Eviction statute, N.J.S.A. 2A:18-61.1 et seq. is to be liberally construed for the benefit of the tenant to prevent unjustifiable evictions. 447 Associates v. Miranda, 115 N.J. 522, 529, 559 A.2d 1362 (1989); A.P. Development v. Band, 113 N.J. 485, 506, 550 A.2d 1220 (1988). Any doubt in the intent or interpretation of the statute is resolved in favor of the tenant.
*42 And as stated in Carteret Properties v. Variety Dounts, Inc., 49 N.J. 116 at page 123, 228 A.2d 674 (1967): "Since jurisdiction of the district court [now Superior Court] to apply the stern remedy of dispossession stems from the statute, courts have always demanded strict compliance with its terms and conditions. Departures therefrom invariably result in dismissal of the action. The burden of showing compliance ... rests heavily upon the landlord."
The requirements of the law, not having been fulfilled, the court does not have jurisdiction to proceed. The complaint is, for the reasons above specified, dismissed.