188 N.J. Super. 517 (1983)
457 A.2d 1229
HRAYR A. KABAKIAN AND ZAROUG KABAKIAN, PLAINTIFFS-APPELLANTS,
v.
LAWRENCE KOBERT AND ZELL KOBERT, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 26, 1982.
Decided March 1, 1983.
*518 Before Judges BOTTER, POLOW and BRODY.
Michael F. Reilly argued the cause for appellants.
Michael B. Ryan argued the cause for respondents.
The opinion of the court was delivered by BRODY, J.A.D.
The issue in this appeal is whether the trial judge is correct in denying plaintiffs the right to remove defendants on two-months' notice from the single residential unit plaintiffs own in a 194-unit building known as Tower West Condominium. *519 Defendants are month-to-month tenants whose tenancy commenced July 1, 1974 under a one-year lease. Five months later the owner of the building converted it to a condominium. Plaintiffs purchased the unit as an investment on December 15, 1976. They have contracted to sell it to purchasers for use as their residence and the contract calls for the unit to be vacant at the time of closing.
The rights of the parties are determined by the provisions of N.J.S.A. 2A:18-61.1 et seq., L. 1974, c. 49, commonly called the Anti-Eviction Act. The act protects residential tenants from removal except for good cause grounds enumerated in paragraphs (a) through (m) of N.J.S.A. 2A:18-61.1 (§ 61.1). Excepted from § 61.1 protection are tenants of "owner-occupied premises with not more than two rental units." That exception has been interpreted to include a building of three or fewer residential units, one of which the owner seeks to occupy personally. Bradley v. Rapp, 132 N.J. Super. 429 (App.Div. 1975), certif. den. 68 N.J. 149 (1975).
By amendment of the act effective February 19, 1976 the Legislature extended protection to tenants whose dwelling units are taken off the rental market through condominium conversion. L. 1975, c. 311. See G.D. Management Co. v. Negri, 182 N.J. Super. 409, 412-413 (App.Div. 1982). The amendment added paragraphs (k) and (l) to the grounds enumerated in § 61.1. Paragraph (k) reads, in relevant part:
k. The landlord or owner of the building ... is converting from the rental market to a condominium .. ., except as hereinafter provided in subsection 1 [should read l]....
Paragraph (l) creates exceptions from (k) for owner-occupancy and reads, in relevant part:

l. (1) The owner of a building ... which is constructed as or being converted to a condominium .. . seeks to evict a tenant ... whose initial tenancy began after the master deed ... was recorded, because the owner has contracted to sell the unit to a buyer who seeks to personally occupy it and the contract for sale calls for the unit to be vacant at the time of closing....
(2) The owner of three or less condominium ... units seeks to evict a tenant whose initial tenancy began by rental from an owner of three or less units after the master deed ... was recorded, because the owner seeks to personally occupy *520 the unit, or has contracted to sell the unit to a buyer who seeks to personally occupy it and the contract for sale calls for the unit to be vacant at the time of closing.
(3) The owner of a building of three residential units or less seeks to personally occupy a unit, or has contracted to sell the residential unit to a buyer who wishes to personally occupy it and the contract for sale calls for the unit to be vacant at the time of closing.
A protected tenant may be removed only after being given written notice for delivery of possession. N.J.S.A. 2A:18-61.2 (§ 61.2) prescribes the notice periods for each of the grounds enumerated in § 61.1. Paragraph (g) of § 61.2 requires three-years' notice for removal under paragraph (k) of § 61.1. However, paragraph (f) of § 61.2 requires only two-months' notice of removal for owner-occupancy under paragraph (l) of § 61.1. Plaintiffs gave defendants the short notice required for removal under paragraph (l) of § 61.1. The trial judge ruled that paragraph (l) does not apply because it does not allow removal of tenants such as defendants who are in a building of more than three residential units and whose initial tenancy began before conversion to a condominium. We agree and affirm.
The total effect of paragraphs (k) and (l) of § 61.1 and the corresponding notice requirements of paragraphs (g) and (f) of § 61.2 is to give three-year notice protection to pre-conversion tenants except for the tenant of a unit in a building of three or fewer residential units whose owner seeks to occupy that unit personally or to sell it to someone who does. Sections 61.1(k), 61.2(g) and 61.1(l)(3). A tenant falling within the exception is subject to removal on only two-months' notice. Section 61.2(f). This exception codifies the holding in Bradley v. Rapp, supra, and in effect makes applicable to buildings converted to condominiums the general exception found in the Anti-Eviction Act for owner-occupied buildings of three or fewer residential units. The other short notice exceptions to the three-year notice requirement deal with tenants whose initial tenancy began after conversion and who therefore entered the tenancy knowing that their situation would be precarious without the protection of a lease. Section 61.1(l)(1) and (l)(2).
*521 We reject plaintiffs' claim that defendants may be removed under subparagraphs (2) and (3) of paragraph (l). Subparagraph (2) is inapplicable because while plaintiffs qualify as owners of three or fewer condominium units, defendants' "initial tenancy" began before, not "after," conversion. Also, their initial tenancy began by rental from the owner of a 194-unit building, not from "an owner of three or less units." We reject plaintiffs' further argument that a new tenancy was established after conversion by their purchase of the unit. Defendants' month-to-month tenancy is a continuing relationship that remains unabated until lawfully terminated by one of the parties. Harry's Village, Inc. v. Egg Harbor Tp., 89 N.J. 576, 583 (1982). Sale of the unit did not constitute termination; plaintiffs took subject to the rights of defendants who were tenants in possession. See Carteret Properties v. Variety Donuts, Inc., 49 N.J. 116, 128 (1967). Moreover, subparagraph (2) protects a tenant whose "initial" tenancy predates conversion. The word "initial" expresses a clear legislative intent to protect a pre-conversion tenant regardless of whether a post-conversion sale or transfer creates a new tenancy.
Subparagraph (3) is inapplicable because Tower West Condominium is not "a building of three residential units or less." Fishman v. Pollack, 165 N.J. Super. 235, 238-239 (Law Div. 1979).
Plaintiffs challenge as constitutionally irrational a legislative scheme that permits the owner of a building of three or fewer residential units short-notice removal of a pre-conversion or post-conversion tenant for personal occupancy, but limits the owner of three or fewer units in a building of more than three residential units to short-notice removal of only post-conversion tenants. We disagree. The 1975 amendment merely continues the favored treatment accorded an owner-occupier of a three or fewer residential unit building in the Anti-Eviction Act as first adopted. This court upheld the constitutionality of that scheme. Stamboulos v. McKee, 134 N.J. Super. 567, 572-574 (App.Div. 1975). It is reasonable for the Legislature to continue in the *522 1975 amendment the protection tenants previously enjoyed under the Act while denying it to tenants not previously protected. See Puttrich v. Smith, 170 N.J. Super. 572, 575 (App.Div. 1979).
Plaintiffs contend that the 1975 amendment may not be given retrospective application so as to protect tenants in buildings converted to condominiums before its adoption. See Weinstein v. Investors Savings and Loan Ass'n, 154 N.J. Super. 164, 167 (App.Div. 1977), certif. den. 75 N.J. 598 (1978). Retrospective application would occur only if the amendment deprived plaintiffs of a right to possession that vested before its effective date. Stamboulos v. McKee, supra, 134 N.J. Super. at 571. However, here defendants, as month-to-month tenants, had the exclusive right to possession when the amendment was enacted, and plaintiffs did not acquire the apartment until ten months later. Thus, the adoption of the amendment caused no retroactive deprivation of plaintiffs' right to possession.
After ruling that paragraph (l) is not available to plaintiffs, the trial judge added that defendants have a virtual life estate, thereby implicitly concluding that plaintiffs may not remove under paragraph (k). Although the question is strictly not before us, we disagree and note that paragraph (k) is available not only to an "owner of the building" but also to a "landlord" such as plaintiffs. There is no policy reason why the Legislature would give the right of removal to the owner of an entire building while withholding it from the owner of an individual unit.
In 1976 the county district court dismissed an action for removal brought against defendants by plaintiffs' predecessor. Plaintiffs want us to view a notice to quit given defendants in connection with that action as a proper three-year § 61.2(g) notice. The argument was not raised below. The record does not include whatever notice may have been given nor does it include the basis for the dismissal. We are therefore unable to pass on the issue.
Affirmed.