195 N.J. Super. 406 (1984)
479 A.2d 931
JOHN R. VELTRI AND ROBERT K. RAYNOR, PLAINTIFFS-APPELLANTS,
v.
DOROTHY NORWOOD, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted June 4, 1984.
Decided August 10, 1984.
*407 Before Judges BISCHOFF, PETRELLA and BRODY.
Winne, Banta, Rizzi, Hetherington & Basralian, for appellants (T. Thomas Van Dam, of counsel; Kevin P. Cooke, on the brief).
Joseph Lewis Nackson, for respondent.
The opinion of the court was delivered by BRODY, J.A.D.
The question posed on this appeal is whether a post-conversion tenant, living in a condominium unit owned by the owners of more than three but not all the units in the building, may be *408 evicted when the owners enter into a contract to sell the unit to someone who will occupy it. The trial judge held that under the Anti-Eviction Act, N.J.S.A. 2A:18-61.1 et seq., the tenant has the same protection against eviction as a residential tenant in a multi-unit building that is not a condominium. We reverse and hold that the tenant may be evicted on two-months' notice under the provisions of N.J.S.A. 2A:18-61.1(l)(1) and N.J.S.A. 2A:18-61.2(f).
Hudson Harbour Condominium was created by the recording of a master deed in May 1981. A year later plaintiffs, owners of more than three but less than all residential units in the Hudson Harbour building, rented a unit to defendant under a one-year written lease. After the term expired on April 30, 1983, defendant held over as a month-to-month tenant. Before the end of May 1983, plaintiffs sent defendant a written notice that the unit had been "sold to a buyer who seeks to personally occupy it." Demand was made for possession "on or before July 31, 1983." When defendant refused to vacate, plaintiffs brought this action for possession.
N.J.S.A. 2A:18-61.2(f) requires that a month-to-month tenant be given only two-months' notice prior to institution of an action for possession based on reasons set forth in N.J.S.A. 2A:18-61.1(l)(1) (subparagraph (l)(1)) which reads in pertinent part as follows:
The owner of a building ... being converted to a condominium ... seeks to evict a tenant ... whose initial tenancy began after the master deed ... was recorded, because the owner has contracted to sell the unit to a buyer who seeks to personally occupy it and the contract for sale calls for the unit to be vacant at the time of closing.[1]
*409 The trial judge denied plaintiffs possession because they "own less than the whole building which is being converted to condominium ownership."
Before considering the language of subparagraph (l)(1), it is necessary to understand that the Anti-Eviction Act assures an owner the right to evict the tenant of a condominium unit whenever he sells the unit to someone who will occupy it.[2] The only question in such a case is whether the tenant is entitled to the substantial rights of a pre-conversion tenant or the minimal rights of a post-conversion tenant or a tenant in a building having only three or fewer residential units. In the former case, those rights include three-years' notice under N.J.S.A. 2A:18-61.1(k) (paragraph (k)) and N.J.S.A. 2A:18-61.2(g); in the latter, they include only two-months' notice under N.J.S.A. 2A:18-61.1(l) (paragraph (l)) and N.J.S.A. 2A:18-61.2(f). See Kabakian v. Kobert, 188 N.J. Super. 517, 520 (App.Div. 1983). The trial judge's conclusion that plaintiffs may not evict under either paragraphs (k) or (l) is not an available option. We must interpret the language of those paragraphs to accommodate the overall legislative design of replacing tenants in condominium units with owner-occupiers. See New Capital Bar & Grill Corp. v. Div. of Employment Sec., 25 N.J. 155, 160 (1957); Bradley v. Rapp, 132 N.J. Super. 429, 433 (App.Div. 1975), certif. den. 68 N.J. 149 (1975).
The problem at hand results from a collision between two distinct legislative goals. By its enactment in 1970 of the Condominium Act, N.J.S.A. 46:8B-1 et seq., the Legislature hoped to bring ownership of a one-family dwelling within the reach of middle-income people who can no longer afford a detached one-family dwelling. See AMN, Inc. v. So. Bruns. Tp. Rent Leveling Bd., 93 N.J. 518, 529-530 (1983). By its enactment *410 in 1974 of the Anti-Eviction Act, the Legislature intended to protect residential tenants from eviction except for specifically enumerated good cause grounds. The collision occurs when someone wants to buy a condominium unit for occupancy that is already occupied by a tenant.
As originally enacted, the Anti-Eviction Act afforded little protection to a tenant in such a situation because N.J.S.A. 2A:18-61.1(h) (paragraph (h)) permitted the owner to evict when he "seeks to retire permanently the building ... from the rental housing market." The owner needed to give the tenant only six-months' notice. N.J.S.A. 2A:18-61.2(d). In order to alleviate the plight of tenants in buildings built as or converting to a condominium, the Legislature enacted an amendment to the Anti-Eviction Act (the 1975 Amendment), L. 1975, c. 311, that added paragraphs (k) and (l).[3] Paragraph (k) gives three-years' notice protection to pre-conversion tenants in buildings of more than three units; however, paragraph (l) gives other condominium tenants only two-months' notice protection.
The 1975 Amendment replaces paragraph (h) with paragraphs (k) and (l) as the exclusive grounds for eviction when the building is removed from the residential rental market by becoming a condominium. Two excerpts from the statement accompanying the bill make that clear:
[B]uildings removed for purposes of conversion or owner occupancy shall henceforth be subject to the requirements of subsections 2k [N.J.S.A. 2A:18-61.1(k)] and 2l [N.J.S.A. 2A:18-61.1(l)] and other related provisions of this bill.[4]

*411 ....
[This bill] does not establish the right of eviction for purposes of condominium or cooperative conversions, which currently are covered by subsection 2h of P.L. 1974, c. 49 [N.J.S.A. 2A:18-61.1(h)], but rather requires that such evictions proceed only in accordance with new provisions of this act. [Emphasis supplied.]
Thus the question before us is whether paragraph (k) or (l) applies. Paragraph (k) reads in pertinent part:
The landlord or owner of the building ... is converting from the rental market to a condominium .. . except as provided in subsection 1 [should read "l"].
Because paragraph (k) applies to all condominium tenant evictions not covered by paragraph (l), we must first examine the provisions of the three subparagraphs of (l). They provide in pertinent part:
(1) The owner of a building ... which is constructed as or being converted to a condominium .. . seeks to evict a tenant ... whose initial tenancy began after the master deed ... was recorded, because the owner has contracted to sell the unit to a buyer who seeks to personally occupy it and the contract of sale calls for the unit to be vacant at the time of closing....
(2) The owner of three or less condominium ... units seeks to evict a tenant whose initial tenancy began by rental from an owner of three or less units after the master deed ... was recorded, because the owner seeks to personally occupy the unit, or has contracted to sell the unit to a buyer who seeks to personally occupy it and the contract for sale calls for the unit to be vacant at the time of closing;
(3) The owner of a building of three residential units or less seeks to personally occupy a unit, or has contracted to sell the residential unit to a buyer who wishes to personally occupy it and the contract for sale calls for the unit to be vacant at the time of closing....
Subparagraph (2) does not apply because plaintiffs own more than three units and subparagraph (3) does not apply because the building contains more than three units.
*412 Subparagraph (1) applies. Defendant is a tenant "whose initial tenancy began after the master deed ... was recorded" and plaintiffs are owners who have "contracted to sell the unit to a buyer who seeks to personally occupy it and the contract for sale calls for the unit to be vacant at the time of closing." Defendant contends, however, that plaintiffs are not "owner[s] of a building ... which is constructed as or [is] being converted to a condominium." As defendant views it, and the trial judge agreed, the only person who fits that definition of "owner" is the original developer, the person who owned the entire building when the master deed was filed. We disagree.
The 1975 Amendment was intended to strike a balance between the interests of the tenant of a condominium unit and the prospective owner-occupier. The Legislature was not concerned with the status of the owner except in favoring the owner of a three-or-fewer-unit building and, to a less extent, the owner of three or fewer units in a building. The Legislature had no reason to favor an investor who is the original developer over one who is the subsequent owner of the building or of more than three units in the building. The Condominium Act definition of "developer" includes a subsequent owner of a "condominium or units of a condominium" except for a unit he occupies. N.J.S.A. 46:8B-3(j).
Turning to the language of subparagraph (1), we conclude that the "owner of a building" includes the owner of any unit in the building. The Condominium Act provides that ownership of a condominium unit includes ownership of "an undivided interest in common elements appurtenant to each such unit." N.J.S.A. 46:8B-3(h). The "common elements" include the major structural features of the entire building such as "the foundations, structural and bearing parts, supports, main walls, roofs, basements, halls, corridors, lobbies, stairways, elevators, entrances, exits and other means of access, excluding any specifically reserved or limited to a particular unit or group of units." N.J.S.A. 46:8B-3(d)(ii). Given this *413 definition of ownership, it is fair to say that the owner of a condominium unit also owns the entire building in which the unit is contained.
A building is "being converted to a condominium" whenever an owner-occupier replaces a tenant. The expression "converting a building to a condominium" can refer to either of two distinct events. It can mean a change in the legal form of ownership or it can mean a change in the use of the building. Condominium ownership of a building and the units it contains is created by a single event  the recording of a master deed pursuant to N.J.S.A. 46:8B-8.[5] By contrast, conversion of an entire building to condominium use can be a long-term process continuing until the legislative goal of owner-occupancy of each unit is realized. In drafting subparagraphs (l)(1) and (2), the Legislature used each of these meanings. A tenant entitled to receive only two-months' notice is a tenant "whose initial tenancy began after the deed ... was recorded." An owner entitled to give only two-months' notice is the owner of a building "being converted to a condominium," i.e., a building in the process of being converted to condominium use.
Plaintiffs as owners of a condominium unit under contract of sale to an owner-occupant are thus owners of a building being converted to condominium use and are therefore entitled to possession on two-months' notice under N.J.S.A. 2A:18-61.1(l)(1) and N.J.S.A. 2A:18-61.2(f).
Our conclusion is strengthened by the obvious inapplicability of paragraph (k), the only other section of the Anti-Eviction Act that could possibly apply. Tenants entitled to the three-year notice protection of (k) are also entitled to the special rights that the 1975 Amendment gives only to tenants in possession at the time the master deed is recorded.[6]See G.D. Management *414 Co. v. Negri, 182 N.J. Super. 409, 413 (App.Div. 1982). Paragraph (k) thus applies only to pre-conversion tenants and therefore does not apply in this case.
Reversed and remanded for the entry of a judgment of possession.
NOTES
[1] Plaintiffs complied with the unquoted requirement of this subparagraph that "no action shall be brought against a tenant under [this subparagraph] unless the tenant was given a statement in accordance with [N.J.S.A. 2A:18-61.9]." The statement must be given "at the time of establishing any rental agreement" and, among other things, must warn a post-conversion tenant that the tenancy "can be terminated upon 60 days' notice if your apartment... is sold to a buyer who seeks to personally occupy it."
[2] In many instances the owner may also evict if he seeks to occupy a unit himself. N.J.S.A. 2A:18-61.1(k), (l)(2) and (l)(3). Certain tenants are protected by the Senior Citizens and Disabled Protected Tenancy Act, N.J.S.A. 2A:18-61.22 et seq. See N.J.S.A. 2A:18-61.1(k).
[3] The 1975 Amendment also revised the pertinent language of paragraph (h) to its present form as follows: "The owner seeks to retire permanently the residential building ... from residential use...."
[4] The "other related provisions" of the bill are N.J.S.A. 2A:18-61.2(g), the three-year notice provision used when evicting for N.J.S.A. 2A:18-61.1(k) grounds; N.J.S.A. 2A:18-61.2(f), the two-months' notice provision used when evicting for N.J.S.A. 2A:18-61.1(l) grounds; N.J.S.A. 2A:18-61.6 permitting the tenant to recover damages, penalties and costs where the purchaser-occupier or owner-occupier fails to occupy the unit at least six months before re-renting it; N.J.S.A. 2A:18-61.8 giving a pre-conversion tenant the option to purchase his unit; N.J.S.A. 2A:18-61.9 requiring that at the commencement of the tenancy, notice be given a post-conversion tenant that he can be evicted on "60 days' notice if the apartment is sold to a buyer who seeks to personally occupy it;" N.J.S.A. 2A:18-61.10 giving a pre-conversion tenant the right to recover moving expenses from the owner; and N.J.S.A. 2A:18-61.11 giving a pre-conversion tenant the right to require the owner to offer the rental of comparable housing or, in lieu thereof, to postpone eviction one year and waive payment of five months' rent.
[5] This is the meaning intended when reference is made to a "pre-conversion" or a "post-conversion" tenant.
[6] See supra n. 4.