254 N.J. Super. 323 (1992)
603 A.2d 528
BAYSIDE CONDOMINIUMS, INC., PLAINTIFF-APPELLANT,
v.
VINCENT MAHONEY AND BARBARA MAHONEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted February 10, 1992.
Decided February 27, 1992.
*324 Before Judges PETRELLA, ARNOLD M. STEIN and KESTIN.
Seth Grossman, attorney for appellant.
Callahan & Thompson, attorneys for respondents (Edward M. Thompson on the letter brief).
The opinion of the court was delivered by KESTIN, J.S.C. (temporarily assigned).
Based upon a notice to quit served on or about November 23, 1987, plaintiff landlord filed a complaint for summary eviction on December 11, 1990. The notice to quit contained a lease termination date of December 1, 1990 and recited:

*325 REASON FOR TERMINATION: The Landlord is converting from the rental market to a condominium of two or more dwelling units, and is entitled to possession pursuant to NJSA 2A:18-61.1(k).
Defendants are post-conversion tenants in the condominium. The case came to trial on a stipulation that the condominium conversion occurred in June 1980 and that the tenants moved into the property in December 1982. The complaint alleged that the tenants had come into possession "pursuant to first a written lease, and then an oral lease".
The trial judge, relying on Veltri v. Norwood, 195 N.J. Super. 406, 479 A.2d 931 (App.Div. 1984), held

N.J.S.A. 2A:18-61.1(d) is applicable only to pre-conversion tenants, which defendants herein are not. Inasmuch as plaintiff's cause of action is predicated upon a three-year notice pursuant to that statute, the cause of action articulated in its complaint must fail, and is hereby dismissed.
The gist of the landlord's argument is that since post-conversion tenants are generally entitled to much less notice in the statutory scheme than are pre-conversion tenants, it cannot be wrong or ineffective to have given these post-conversion tenants the much longer notice to quit  three years  instead of the shorter two months. This argument misses several essential points. We affirm for the reason articulated by the trial judge and on other grounds.
The public policies underlying N.J.S.A. 2A:18-61.1 et seq., commonly called the "Anti-Eviction Act", demand strict compliance with the provisions and conditions of the Act before a landlord may succeed in evicting a tenant. Ashley Court Enters. v. Whittaker, 249 N.J. Super. 552, 556, 592 A.2d 1228 (App.Div. 1991). Landlords soon learn to proceed carefully, with precision, in establishing the grounds for eviction and in meeting the Act's procedural requirements.
Some consider the Anti-Eviction Act to be arcane, but in no way is it more intricate than in those provisions governing evictions from condominiums. In Kabakian v. Kobert, 188 N.J. Super. 517, 457 A.2d 1229 (App.Div. 1983), we held that the criteria of N.J.S.A. 2A:18-61.1(k) and (l), coupled with the *326 notice requirements of N.J.S.A. 2A:18-61.2(g) and (f) dictate that pre-conversion tenants, with a single exception,[1] are entitled to three-year notice protection.
We addressed the rights of post-conversion tenants in Veltri v. Norwood, 195 N.J. Super. 406, 479 A.2d 931 (App.Div. 1984), holding that paragraph (k) of the Act applies only to pre-conversion tenants and that the rights of post-conversion tenants are governed by subparagraphs (1) and (2) of paragraph (l). Having concluded that the requirements of subparagraph (l)(1) had been satisfied, we determined that a judgment of possession would enter on two-months notice against post-conversion tenants holding over on a month-to-month basis after the expiration of a one-year lease.[2] The special notice required for post-conversion tenants, N.J.S.A. 2A:18-61.9, had been furnished at the time the tenancy was initially established, and the landlord had a purchaser who wished personally to occupy the unit.
In any instance in which a notice to quit is required as a prerequisite to the entry of a judgment of possession, the notice must be facially accurate in every substantial respect. Without a notice to quit that is factually correct and formally sufficient, the court lacks jurisdiction to entertain a complaint for possession. See Carteret Properties v. Variety Donuts, Inc., 49 N.J. 116, 124, 228 A.2d 674 (1967); cf., RWB Newton Assocs. v. Gunn, 224 N.J. Super. 704, 541 A.2d 280 (App.Div. 1988). It may be that the landlord here chose to pursue the paragraph (k) course, with its three-year notice requirement, because of a perception that it could not qualify under any of the provisions *327 of paragraph (l). Whatever the reason, the effort must fail. A factual predicate for the application of paragraph (k), the presence of a pre-conversion tenant, does not exist in this case. The complaint, therefore, is formally deficient.
Additionally, unlike the landlord in Veltri, plaintiff here has not even alleged that it has a contract for sale with a purchaser who seeks personally to occupy the tenants' unit. The plain language of the Act establishes such a contract to be a specific jurisdictional pre-requisite to the entry of a judgment of possession for a corporate landlord against a post-conversion tenant under either subsections l(1) or l(2) of the Act.
Further unlike the situation in Veltri, the post-conversion tenants here did not receive the notice required by N.J.S.A. 2A:18-61.9 to be served at the time the tenancy was initially created. This, too, appears to be a jurisdictional prerequisite for the entry of a judgment of possession against a post-conversion tenant under subsection l(1) of the Act. In this respect, however, a singular problem exists. The plaintiff here, as the landlord in Veltri, does not meet the less stringent standards of subsections l(2) or l(3) of the Act which are based upon the number of units owned or extant in the building. This landlord, therefore, is also limited to the applicability of subsection l(1). The landlord in this case, however, was not the owner of the property when the defendants' tenancy began. The landlord's predecessor in title failed at that time to furnish the notice required by N.J.S.A. 2A:18-61.9. The landlord argues that, if the § 61.9 notice requirement is applied in terms, a judgment of possession against these tenants could never be entered; and the tenants will have acquired an effective life estate.
Apparently reflecting upon our expressed reluctance to reach such a result, see Kabakian, supra, 188 N.J. Super. at 522, 457 A.2d 1229, and Veltri, supra, 195 N.J. Super. at 409-412, 479 A.2d 931, the trial judge, in his letter decision dismissing the complaint, said:

*328 In anticipation of yet another round between these parties, it would seem to me that, in the event plaintiff obtains an agreement of sale with a buyer who wishes to personally occupy the unit in question, Veltri holds that plaintiff would be entitled to a judgment for possession under N.J.S.A. 2A:18-61.1(l)(1). Thus, if and when such a buyer is produced and after appropriate notices have been given to the defendants, the plaintiff will have the right to evict.
Since this question need not be addressed at this time, we note only that the result in such an instance cannot be considered to be foreordained. It should be the product of reasoned analysis of the particular facts presented and application of established rules of law and methods of statutory construction, as well as the interposition of competing policy considerations such as those introduced in Kabakian and Veltri.
Affirmed.
NOTES
[1] Where the building has three or fewer residential units and the owner or a purchaser seeks personally to occupy the unit in question, two-month notice suffices. N.J.S.A. 2A:18-61.1(l)(3).
[2] We cannot know from the record in this case what the terms of the tenants' "oral lease" are or the way in which the current terms of the tenancy differ from the month-to-month holdover status of the tenant in Veltri.