**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4396-15T4

B.J. FUNK REALTY COMPANY, LLC,

    Plaintiff-Respondent,

v.

SAHAR ELSADANI,

    Defendant-Appellant.

_____

Submitted May 30, 2018 — Decided August 14, 2018

Before Judges Koblitz and Suter.

On appeal from Superior Court of New Jersey,
Law Division, Special Civil Part, Hudson
County, Docket No. LT-5584-16.

Ibrahim Law Firm, attorneys for appellant
(Ihab A. Ibrahim, on the brief).

Raff & Masone, PA, attorneys for respondent
(Timothy J. Hawkes, of counsel; Paul N. Weeks,
on the brief).

PER CURIAM

    Defendant Sahar Elsadani appeals all the judgments and orders
entered in this landlord/tenant case.  These include the May 23,
2016 judgment of possession in favor of the landlord, plaintiff
B.J. Funk Realty Company, LLC; the orders dated May 27, 2016 and

June 8, 2016, denying a stay of the judgment; and orders entered on June 2, 2016 and June 7, 2016, granting orderly removal. We stayed the eviction on June 28, 2016, pending this appeal. After review, we reverse the judgment of possession and remand for a new hearing.

On May 4, 2016, plaintiff filed a verified complaint for eviction under N.J.S.A. 2A:18-61.1(c), alleging that by willful or gross negligence, defendant caused the "destruction, damage or injury" of the rented premises. An April 26, 2016 Notice to Quit and Vacate attached to the complaint alleged that defendant damaged or destroyed the apartment by:

1.  Turning on the kitchen oven which was filled with pots and pans and leaving the State of New Jersey causing smoke to engulf the apartment and causing the evacuation of the building;

2.  Destroying the stove and dismantling the range burners;

3.  Dismantling the smoke alarms in the apartment causing a risk of death and physical harm to the tenants in the building;

4.  Causing smoke damage to the apartment.

A few days before trial, defendant filed a motion under Rule 6:4-1(g) to transfer the case to the Law Division. She alleged that discovery was needed to determine whether the oven malfunctioned or whether an intruder entered her apartment while

she was away. She claimed she did not receive the notice to quit until May 10, 2016, after the eviction complaint was filed.

The transfer motion was denied. The court found the case was not complex nor did it require pretrial discovery. The case centered on issues of credibility. The trial court rejected defendant's claim that the notice to quit was not served three days before the complaint was filed. The court found the notice to quit was mailed by regular and certified mail on April 26, 2016. The regular mail was not returned. A postal service tracking report showed the notice to quit was received by the post office on April 27, 2016. The first attempt to obtain a signature on the certified mail was made on April 29, 2016, which was more than three days before the complaint was filed on May 4, 2016. Defendant signed for the certified mail on May 10, 2014.

Plaintiff owns a multi-unit residential apartment building in Bayonne, New Jersey. On April 26, 2016, a tenant on the fourth floor advised Joseph A. Santana, the building superintendent, that he smelled fire or smoke coming from the apartment below. Using his master key, Santana unlocked the door to defendant's third floor apartment when "this big cloud of smoke hit us." There was no evidence of forced entry into the apartment. Once in the apartment, he found the oven was on and set to bake. No one was home. Santana noticed the burners on the stove were disconnected;

they were lying on the stovetop. There were melted pots and pans in the oven and melted plastic near the oven exhaust. The inside of the oven was filled with soot.

Santana testified the three smoke detectors in the apartment are hard-wired, meaning that they are powered by electricity. Each also has a battery back up in case of a power failure. The smoke detectors in defendant's apartment were not sounding. Santana testified that all three of the detectors were disconnected from the electric circuit and had no batteries.

Michael Masone is the managing member of plaintiff B.J. Funk Reality Co., LLC. He arrived after being contacted by Santana. He smelled an "acrid smoke" smell, similar to the smell of burning plastic. The firemen turned off the oven and gas supply. There was soot in the oven and a burned bungee cord. The burners on the stove top had been dismantled. He testified the burners were sealed units that were not to be removed from the stove. He also saw that the smoke detectors were not connected to the electric circuit and had no batteries. He testified the apartment was filled with clutter.

Masone spoke to defendant later that day. He would not agree to cash her May 2016 rent check because he intended to send her a notice to vacate the apartment.

Defendant has lived in the apartment for sixteen years. She testified the smoke detectors were working properly on April 20, 2016, because they went off as she was cooking chicken. On April 21, 2016, she cleaned two of the stove's burners by detaching them, although they were still connected to the stove by wires. She was leaving that same day to go to Washington, D.C. and then to Philadelphia, where she planned to remain for a few days. She had to hurry because her ride to the airport arrived early. The police called her about the smoke condition in the apartment on April 26, 2016. She returned the next day.

Defendant denied leaving the oven on or the apartment in a messy condition. She contended that someone must have entered her apartment, even though the superintendent testified the door was locked when he got there on April 26, and no one else but he had a key. Defendant testified that one of her credit cards had been used two times while she was away. She said she kept that credit card in the entertainment center, but when she returned to the apartment, it was in a plastic bag on the floor. She denied dismantling the smoke detectors.

She also denied damaging the stove. She testified this was a conventional stove that allowed the burners to be removed for cleaning, which she did weekly. On cross-examination, she read

5

from the stove's manual that the "sealed burner[s]" were "secured to the cooktop" and "not designed to be removed."

The court entered a judgment for possession on May 23, 2016, following trial. Finding Masone's testimony credible, the court concluded that defendant dismantled the stove's burners, breaking the seals, and also dismantled the smoke detectors causing a very dangerous situation. However, the court did not find that defendant purposefully or willfully turned on the stove or caused smoke damage to the apartment. The court denied defendant's motion to stay eviction pending appeal. A warrant for removal and a lockout were issued.

Defendant filed an order to show cause, claiming she had new evidence. She alleged the smoke detectors were obsolete and that the circuit breaker that controlled the alarms was off. She claimed she was handicapped, that she could not lift her arm above her head, had five herniated discs, pinched nerves in both arms and legs, torn menisci in both knees and torn ligaments in both feet. She denied replacing the batteries of the smoke detectors or doing anything to deactivate them. With respect to the stove, she contended the stove was a conventional one where the burners could be removed. She offered a service inspection report form dated May 27, 2016, that stated the surface burners were

"conventional and removable, are operational." It stated the "burners can be removed for cleaning and put back."[1]

Treating the order to show cause as an application under <u>Rule</u> 4:50-1(b) to vacate the judgment of possession, the court denied it, concluding that this evidence could have been discovered before trial. On June 7, 2016, the court granted a seven-day period for orderly removal, which permitted a lock out on June 17, 2016; it denied a stay of eviction on June 8, 2016.

Defendant appealed on June 14, 2016. Three days later, we granted defendant's emergent motion to stay all trial court proceedings pending this appeal.

The trial court issued an amplification opinion on July 5, 2016.[2] In it, the court stated that "[d]efendant presented no reason under the 'due diligence' standard in <u>R.</u> 4:50-1(b) as to why these inspections could not have been performed prior to the trial," noting, however, that the "stovetop inspection and the circuit breaker inspection could have dispositive information." The court noted that defendant indicated "per the Notice to Quit"

---

[1] The copy in the record has no caption to identify its source. Defendant's supporting certification said this was from "an authorized service company."

[2] Neither party has supplied us with an order denying defendant's order to show cause.

that the inspection "would not be meaningful or helpful." Defendant's proffer was "not new evidence since this was known throughout the trial."

With respect to the judgment of possession, the court clarified its finding that defendant willfully destroyed the stove and dismantled the burners. Quoting from the stove manual, the court observed "the sealed burners were secured to the cooktop and not designed to be removed." The photographs "depicted a burner unit with wires hanging loose left attached to the stove." The court did not believe defendant was cleaning the stove. She admitted dismantling the burners and this caused damage to the stove because it broke the seals.

The court also explained its finding that defendant willfully caused damage to the smoke detectors. They were disconnected from the hardwiring and had no batteries. She caused damage because the smoke detectors were rendered inoperable.

On appeal, defendant argues she was not served with the notice to quit before the complaint was filed. She claims the court abused its discretion by not transferring the case to the Law Division to allow for discovery. She challenges the amplification opinion. For the first time on appeal, defendant contends the court ignored evidence indicating violations of the Americans with Disabilities Act, and that the judge was not impartial. She

contends the judgment of possession should be reversed in the interest of justice due to irreparable harm. Defendant requests a new judge if the case is remanded.

We reverse the judgment of possession and remand the case for a new hearing because the court should have considered evidence of defendant's disabilities in determining whether she willfully or through gross negligence "dismantled" the smoke detectors and defendant's new report that the stove burners were "conventional," allowing for their removal. However, we agree that service of the notice to quit conformed with statutory requirements, that the case does not require transfer to the Law Division and that there is no basis to assign a different judge. Also, the orders denying a stay are moot in light of our order that stayed the eviction.

In reviewing the trial judge's determination, we accord substantial deference to the judge's special role as a fact finder. See Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974) (instructing that a trial court's findings are generally binding on appeal "when supported by adequate, substantial and credible evidence"). Such "[d]eference is especially appropriate when the evidence is largely testimonial and involves questions of credibility." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quoting Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)). That said, we review de novo a trial court's determinations on

questions of law. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

The Anti-Eviction Act, N.J.S.A. 2A:18-61.1 to -61.12 (Act), protects residential tenants from eviction absent a showing of good cause. Morristown Mem'l Hosp. v. Wokem Mortg. & Realty Co., 192 N.J. Super. 182, 186 (App. Div. 1983). The Act lists permissible grounds for eviction and the associated notice requirements. See N.J.S.A. 2A:18-61.1 to -61.2. Absent proof of one of the enumerated grounds for eviction, the court lacks jurisdiction to enter a judgment of possession. Housing Auth. of Morristown v. Little, 135 N.J. 274, 281 (1994).

Plaintiff's judgment of possession was based on N.J.S.A. 2A:18-61.1(c). It permits eviction of a residential tenant or person who "has willfully or by reason of gross negligence caused or allowed destruction, damage or injury to the premises." Eviction on this ground requires proof of actual physical damage to the property, Les Gertrude Assocs. v. Walko, 262 N.J. Super. 544, 549 (App. Div. 1993), and that it was willfully caused by the person or the result of the person's gross negligence. "Gross negligence is conduct that comes somewhere between 'simple' negligence and the intentional infliction of harm, or, 'willful misconduct.'" Ivy Hill Park Section III v. Smirnova, 362 N.J. Super. 421, 425 (Law Div. 2003) (quoting Clarke v. Twp. of Mount Laurel, 357

N.J. Super. 362, 370 (App. Div. 2003)). The Act is to be construed "liberally with all doubts construed in favor of a tenant[.]" <u>224 Jefferson St. Condo. Ass'n. v. Paige</u>, 346 N.J. Super. 379, 389 (App. Div. 2002).

Notice requirements under the Act must be complied with strictly. To evict under N.J.S.A. 2A:18-61.1(c), the Act requires that,

> No judgment of possession shall be entered for any premises covered by section 2 of this act, except in the nonpayment of rent under subsection a. or f. of section 2, unless the landlord has made written demand and given written notice for delivery of possession of the premises. The following notice shall be required:
>
> > a. For an action alleging . . . injury to the premises under subsection c. of section 2, . . . three days' notice prior to the institution of the action for possession.
>
> [N.J.S.A. 2A:18-61.2(a).]

Here, we agree with the trial court that plaintiff satisfied the three-day rule under N.J.S.A. 2A:18-61.2(a). There was testimony that plaintiff mailed the notice on April 26, 2016 by regular and certified mail. Defendant's evidence confirmed this. The Post Office tracking information showed the Post Office received the certified mail on April 27 and that the first attempt to leave the certified mail was on April 29, 2016. The regular mail was not returned. This

satisfied service under Rule 6:2-3(d)(4). The complaint for eviction was filed on May 4, 2016, which was more than three days after the notice was served.

Defendant contends the trial court erred by not transferring the case to the Law Division so she could conduct discovery. A party to a summary dispossession action may file a motion requesting transfer of the case to the Law Division. See R. 6:4-1(g); see also Benjoray, Inc. v. Acad. House Child Dev. Ctr., 437 N.J. Super. 481, 486 (App. Div. 2014). We review an order denying transfer under an abuse of discretion standard. See Master Auto Parts, Inc. v. M. & M. Shoes, Inc., 105 N.J. Super. 49, 53 (App. Div. 1969).

In general, a motion for transfer should be granted whenever the procedural limitations of a summary action would significantly prejudice substantial interests of the parties. See Twp. of Bloomfield v. Rosanna's Figure Salon, Inc., 253 N.J. Super. 551, 563 (App. Div. 1992). Factors to consider include:

> The complexity of the issues presented, where discovery or other pretrial procedures are necessary or appropriate;
>
> . . . .
>
> The presence of multiple actions for possession arising out of the same transaction or series of transactions, such as where the dispossesses are based upon a concerted action by the tenants involved;

The appropriateness of class relief;

The need for uniformity of result, such as where separate proceedings are simultaneously pending in both the Superior Court and the County District Court arising from the same transaction or set of facts, and

The necessity of joining additional parties or claims in order to reach a final result.

[Id. at 562-63.]

Here, defendant's counsel acknowledged that the issues were not complex and largely involved credibility. The case did not involve multiple actions for possession, no class relief was requested, and there was no need to join additional parties. On this record, the trial court did not abuse its discretion in denying defendant's motion to transfer.

Defendant contends the trial court erred by denying the order to show cause to vacate the judgment of possession. We agree the evidence submitted with that application warranted consideration by the court and we vacate the judgment of possession under Rule 4:50-1(b), directing that defendant be afforded a new hearing.

Defendant's certification provided for the first time that she was handicapped and because of that could not reach over her head to dismantle the smoke detectors. She denied disconnecting the smoke detectors, as she had at trial, but explained in her certification that she physically was not able to do so. The

13

nature of her handicap and consequent limitations were not part of the record at the trial. The certification also included an inspection report that claimed the stove was a conventional type; that the burners could be removed for cleaning, and were not broken.

The trial court's amplification opinion acknowledged that these facts could have been "dispositive information" but because they also could have been discovered in time for the trial, Rule 4:50-1(b) was not satisfied. However, there was no indication the inspection report for the stove should have been obtained before trial. The notice to quit did not allege that the seals to the burners were broken; it alleged the stove was destroyed and the range burners were dismantled. Defendant admitted taking apart the burners but there remained an issue about whether the stove was a conventional one that could be taken apart and cleaned or one that had sealed burners that were broken by dismantling them. The court did not resolve this issue.

The trial court rejected defendant's argument that her handicap qualified as newly discovered evidence. The nature of her disability and extent of limitations plainly should have been known to her prior to trial. She did not claim any new disability. However, Rule 4:50-1(f) allows a judgment to be vacated for "other reason[s] justifying relief from the operation of the judgment or

14

order." There is no indication the court knew the nature or extent of defendant's alleged disability because there was no testimony about this at the trial. The court found that defendant dismantled the smoke detectors without consideration of her subsequent representation that she could not reach over her head. There was no evidence she lived with anyone or had assistance.

The danger of disconnecting the smoke detectors is obvious in a multi-tenant apartment building. However, plaintiff proceeded in this eviction action under N.J.S.A. 2A:18-61.1(c) and is required to prove by the preponderance of the evidence that defendant willfully or by gross negligence damaged the smoke detectors. Plaintiff showed evidence of damage to the smoke detectors (because they were disabled) but not that defendant did this willfully or by gross negligence, given her allegation regarding disability. On these proofs, the court should have granted the order to show cause to vacate the judgment of possession and ordered a rehearing because the landlord did not show the type of stove, whether it was damaged, or that plaintiff disabled the smoke detectors.

Defendant raises issues on appeal regarding the Americans with Disabilities Act 42 U.S.C. §§ 12101 to 12213. We "will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is

available." Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). This issue was not presented to the trial court.

Defendant also requests a different judge if there is a remand. However, the fact that the judge ruled against a party is not grounds for disqualification. See Strahan v. Strahan, 402 N.J. Super. 298, 318 (App. Div. 2008) ("Bias cannot be inferred from adverse rulings against a party."). In addition, the record does not support the need for disqualification.[3] We decline to direct the assignment of a different judge.

After carefully reviewing the record and the applicable legal principles, we conclude that defendant's further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Reversed and remanded for a new hearing. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3] Defendant appeals the orders that denied a stay of eviction and that granted orderly removal. Each of the orders is moot in light of our orders that stayed execution of the eviction. See Redd v. Bowman, 223 N.J. 87, 104 (2015) (providing that an issue is moot when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy).

A-4396-15T4